### BURNETT, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION, Defendant-Appellant.

Ohio Appeals, Second District, Greene County.

No. 510.   Decided November 1, 1949.

Paul L. Birt, L. R. Cousineau, Dayton, for plaintiff-appellee.
Hon. Herbert S. Duffy, Atty. Genl., T. Vincent Martin and Hugh P. Brennan, Asst. Attys. Genl., Columbus, for defendant-appellant.

### OPINION

By HORNBECK, J.:

The appeal on questions of law is from a judgment on a verdict of a jury in favor of the plaintiff, holding that she, as the widow of James I. Burnett, deceased, was entitled to share in the State Insurance Fund as provided by the Workmen's Compensation Laws of Ohio.

Plaintiff's decedent, while in the employ of the Hurst Sand and Gravel Company of Dayton, Ohio, a contributor to the State Insurance Fund, was on the 22nd day of May, 1943, injured in the course of his employment. Thereafter he shot

himself, resulting in his death, and it was the claim of the plaintiff that his death was the result of an involuntary act committed while in a deranged state of mind, the result of his earlier accident, and that therefore, his death was proximately caused by this injury. This latter claim was the principal issue between the parties and was resolved in favor of the plaintiff by the verdict of the jury. Although there are four errors assigned, they are all directed to the narrow question at issue.

The court very properly charged the jury that for plaintiff to recover she must "show by a preponderance of the evidence that the accident which occurred to her decedent, to her husband, caused his mind to be deranged to such an extent that wholly without his own volition he performed the act which resulted in his death and that, therefore, his act was directly and proximately caused by the accident in 1943. This in accord with §1465-68 GC that recovery could not be had if the injury was purposefully self-inflicted.

The factual occurrences were developed fully upon the trial and medical experts for both parties testified at length for and against the claim of the plaintiff.

The contention of the appellant is that the shooting of plaintiff's decedent could not have been the act of an irresponsible mind; that this was the cause was the hypothesis upon which the plaintiff based her case and upon which the trial judge submitted it to the jury. The plaintiff's theory had support from the factual development and the jury accepted it as it had the right to do. It could well have found for the defendant had it elected to accept the testimony of the defendant's witnesses. The effect of the evidence only being involved, we can not find either that the verdict is not supported by or that it is manifestly against the weight of the evidence.

The judgment will be affirmed.

Counsel for plaintiff, concluding their brief, assert that no real question has been presented by appellant on the appeal and that the judgment should be affirmed and cost taxed against the defendant, including a reasonable attorney's fee and damages as provided by §12223-36 GC. This section may not be given application in favor of the appellee if the Appellate Court certifies in its judgment that there was reasonable cause for the appeal. Although we would be favorable to further allowance to counsel for appellee for services rendered for their client in this court, we can not say that there was not a reasonable ground for the appeal. As a matter of fact, counsel for appellant in the interest

of his client, the State of Ohio, exercised sound professional judgment in prosecuting the appeal in view of the novel question presented and upon the diverse permissible inferences that could be drawn from the facts.

MILLER, PJ, and WISEMAN, J, concur.